UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH MORALES, | No. 2:20-cv-0704 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. PETER ANASTASSIOU, et al., | |
| Defendants. | |

  Plaintiff is a state prisoner, proceeding through counsel. On September 15, 2021, counsel for defendant Dr. Anastassiou filed a motion to depose plaintiff, asking that the court order that plaintiff be produced for his deposition on a mutually convenient date in October of 2021, by Zoom. Counsel asks that the deposition commence at 8:00 a.m. and conclude by 1:00 p.m., and if such deposition cannot be completed on that day, that the deposition be continued to another mutually convenient date coordinated among the parties and the litigation coordinator at Mule Creek State Prison.

  First, on May 21, 2021, the court already granted defendants leave to depose plaintiff or any other incarcerated witness provided that, at least fourteen days before such deposition, defendants serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1). (ECF No 36 at 2.) Counsel does not appear to have noticed plaintiff's deposition as required. Indeed, the discovery deadline expires on September 28, 2021. Thus, counsel's request to notice

1

the deposition for some date in October is untimely under the governing scheduling order. Counsel fails to address the issue of timeliness, or the court's prior granting leave to depose plaintiff. (ECF No. 41.)

Second, counsel for defendant Dr. Anastassiou only declares she contacted the litigation coordinator at Mule Creek State Prison. Moving counsel does not set forth any contact made with counsel for co-defendant Dr. Wong, who is identified as Deputy Attorney General Daniel B. Alweiss, who answered on behalf of defendant Wong. (ECF No. 32.) This omission is also surprising because moving counsel's declaration declares plaintiff's testimony is "necessary to enable Dr. Anastassiou (and Dr. Wong) to adequately prepare for and proceed to trial, and the proposed order purports to grant counsel for Dr. Wong leave to depose plaintiff under this request, despite Dr. Wong's counsel not joining in the motion. (ECF No. 41-1 at 2.) Finally, moving counsel does not recount any contact with plaintiff's counsel to arrange a mutually convenient date. While that is not required under the rules, it is a common practice and courtesy.

Given the impending discovery deadline, counsel for defendant Dr. Anastassiou cannot now timely notice plaintiff's deposition. Rather, counsel must seek leave to amend the court's scheduling order.[1] In the alternative, given that the discovery deadline has not yet passed, the undersigned would entertain a stipulation signed by all three counsel, if counsel for defendant Dr. Anastassiou can obtain one.

For the above reasons, IT IS HEREBY ORDERED that the motion (ECF No. 41) is denied without prejudice.

Dated: September 16, 2021

/mora0704.dep

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] "The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).