1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RALPH MORALES,                          No.  2:20-cv-00704-DAD-KJN (PC)

12                   Plaintiff,

13        v.                                  ORDER ADOPTING FINDINGS AND
                                              RECOMMENDATIONS, GRANTING
14   PETER ANASTASSIOU,                       DEFENDANT'S MOTION FOR SUMMARY
                                              JUDGMENT, AND DENYING PLAINTIFF'S
15                   Defendant.               REQUEST FOR RECONSIDERATION

16                                            (Doc. Nos. 48, 64, 68)

17

18           Plaintiff Ralph Morales is a state prisoner proceeding with counsel in this civil rights

19   action brought under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate

20   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21           On November 29, 2022, the assigned magistrate judge issued an order denying plaintiff's

22   request for judicial notice (Doc. No. 64) and findings and recommendations recommending that:

23   (1) defendant's motion for summary judgment (Doc. No. 48) be granted because there is no

24   genuine issue of material fact regarding whether defendant acted with deliberate indifference to

25   plaintiff's serious medical needs, and (2) the court decline to exercise supplemental jurisdiction

26   over plaintiff's state law medical malpractice claim in light of the recommendation that summary

27   judgment be granted in defendant's favor on plaintiff's sole federal claim.  (Doc. No. 64.)  The

28   pending findings and recommendations were served on the parties and contained notice that any

                                             1

objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 16.)  On

December 23, 2022, plaintiff filed objections to the pending findings and recommendations, as

well as "objections" to the magistrate judge's order denying plaintiff's request for judicial notice.[1]

(Doc. No. 68.)  Defendant filed a response thereto on January 3, 2023 but did not file objections

of his own.  (Doc. No. 71.)

   In his objections, plaintiff first contends that a reasonable jury could find in his favor as to

his deliberate indifference claim.  (Doc. No. 68 at 6.)  Plaintiff's contention in this regard merely

reiterates arguments that he raised in his opposition to defendant's motion for summary judgment

and that have already been properly addressed in the pending findings and recommendations.

Specifically, plaintiff argues that defendant possessed "plenty of evidence that Plaintiff's [lung]

was infectious [rather than cancerous]" and that accordingly, defendant's "rush to surgery was not

justified" and rose to the level of deliberate indifference.  (Doc. No. 68 at 6–7.)  However, as the

---

[1]  The court construes plaintiff's latter objections as a request for reconsideration of the magistrate judge's order denying plaintiff's request for judicial notice brought pursuant to Local Rule 303, which provides that a district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law."  L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A).  The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law.  *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991).  "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014).  Here, plaintiff objects to the magistrate judge's denial of his request for judicial notice of two sets of documents:  (1) lists of Medicare reimbursement rates for an upper lobectomy and a mediastinoscopy, and (2) lists of liens against defendant documented by the City and County of San Francisco Office of the Assessor-Recorder and the San Mateo County Office of the Assessor-County Clerk-Recorder.  (*See* Doc. Nos. 50-2 at 1–14; 64 at 5, 16; 68 at 4.)  Although these public records are properly the subject of judicial notice, *see Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), the magistrate judge did not err in declining to take judicial notice of these documents because plaintiff did not show that the documents were relevant to the court's analysis of defendant's motion for summary judgment.  (*See* Doc. No. 64 at 5); *see, e.g.*, *Roadrunner Intermodal Servs., LLC v. T.G.S. Transp., Inc.*, Nos. 1:17-cv-01207-DAD-BAM, 2019 WL 1400093, at *4 (E.D. Cal. Mar. 28, 2019) (declining to take judicial notice of document that is irrelevant to deciding the matter at issue); *Garcia v. Sweet 2017, LLC*, No. 2:20-cv-02181-JAM-DB, 2021 WL 2417139, at *2 (E.D. Cal. June 14, 2021) (declining to take judicial notice of irrelevant exhibits that were otherwise proper subjects of judicial notice).  Therefore, plaintiff's request for reconsideration will be denied.

1   magistrate judge correctly explained in the pending findings and recommendations, "[a]lthough

2   [defendant] knew that [plaintiff] had tuberculosis in the past, prisons increase a person's risk of

3   getting it, and [plaintiff] had not been tested for tuberculosis, [defendant] estimated that there was

4   a 70 to 95 percent likelihood that the mass was malignant,"[2] and "[t]he mere fact that

5   /////

6

7   _____

[2] To the extent that plaintiff argues that the pending findings and recommendations improperly
conclude that defendant's medical notes establish defendant's actual state of mind, this argument
is unavailing. (*See* Doc. No. 68 at 8–9.) The magistrate judge explained that to prevail on his
deliberate indifference claim, plaintiff must establish both that (1) defendant's course of treatment
was "medically unacceptable under the circumstances" and (2) defendant "chose this course in
conscious disregard of an excessive risk to plaintiff's health." (Doc. No. 64 at 12) (quoting
*Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). With respect to the first requirement, the
magistrate judge found that plaintiff did not establish a genuine issue of material fact regarding
the medical acceptability of defendant's chosen course of treatment. (*Id.* at 12–13.) This finding
alone is a sufficient basis upon which to grant defendant's motion for summary judgment.
Nonetheless, the magistrate judge also noted that as to the second requirement, "even assuming
[defendant's] course of treatment was medically unacceptable," the evidence before the court on
summary judgment showed that defendant "thoughtfully considered the options and carefully
performed the course of treatment," and plaintiff had not presented any evidence establishing a
genuine disputed issue of material fact as to whether defendant "chose this treatment out of
conscious disregard of an excessive risk to [plaintiff's] health." (*Id.* at 15.) In his objections,
plaintiff argues that because defendant might have been dishonest in his contemporaneous notes
and communications regarding plaintiff's medical treatment prior to the surgery—such as
defendant's letter to plaintiff's primary care doctor explaining that plaintiff's lung lesion was
"suspicious enough to warrant surgical resection"—the magistrate judge should not have relied
on those notes and communications as evidence of defendant's state of mind. (*See* Doc. Nos. 64
at 8, 15; 68 at 8–9.) Plaintiff's objection in this regard does not provide a basis upon which to
reject the pending findings and recommendations. The magistrate judge's finding as to the first
requirement—i.e., that plaintiff did not demonstrate on summary judgment that there was a
genuine issue of material fact as to whether defendant's course of treatment was medically
unacceptable—is both proper and provides a sufficient basis upon which to grant defendant's
motion for summary judgment. The magistrate judge noted that the evidence on summary
judgment established that "[t]hroughout the relevant time period, [plaintiff] was seen by
numerous doctors and underwent numerous tests to determine the cause of his chest pain," those
tests indicated "either a malignancy or infection," and defendant conducted a surgery to identify
and treat potential cancer. (*See* Doc. No. 64 at 13–14.) The magistrate judge thus found that
plaintiff had not shown the existence of a genuine issue of material fact as to whether defendant
chose a medically unacceptable course of treatment and, perhaps most importantly, recognized
that a "mere disagreement" of medical opinion on the necessity of plaintiff's surgery "does not
demonstrate deliberate indifference as a matter of law." (*Id.* at 12–14) (citing *Porretti v.
Dzurenda*, 11 F.4th 1037, 1048 (9th Cir. 2021)). Thus, the magistrate judge's finding that
defendant was entitled to summary judgment on plaintiff's deliberate indifference claim simply
did not turn on evidence as to defendant's state of mind.

1    [defendant's] diagnosis of potential lung cancer . . . was incorrect is not enough to rise to the level

2    of deliberate indifference."  (Doc. No. 64 at 15.)

3              Second, in his objections, plaintiff asserts for the first time that this case is analogous to

4    another case from this district in which the court denied a prison doctor's motion for summary

5    judgment as to a prisoner plaintiff's deliberate indifference claim.  (Doc. No. 68 at 10.)  Plaintiff

6    did not cite to this analogous case in his opposition to defendant's pending motion for summary

7    judgment.  Courts have discretion to consider or decline new arguments raised for the first time in

8    an objection to a findings and recommendations."  *Syed v. M-I, L.L.C.*, No. 1:12-cv-01718, 2014

9    WL 6685966, at *7 (E.D. Cal. Nov. 26, 2014) (citing *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir.

10   2002).  Although plaintiff is represented by counsel and has provided no explanation for why this

11   argument is being raised for the first time in his objections to the findings and recommendations,

12   the undersigned has nevertheless considered the argument and finds it unavailing.  Specifically,

13   plaintiff contends that this action is analogous to *Elliot v. Reddy*, No. 2:10-cv-02980-MCE-KJN,

14   2014 WL 1877566 (E.D. Cal. May 9, 2014), *report and recommendation adopted*, 2014 WL

15   2889765 (E.D. Cal. June 25, 2014), in which the court denied summary judgment in favor of a

16   defendant doctor who performed surgery on the prisoner plaintiff.  In *Elliot*, the court concluded

17   that the plaintiff had demonstrated triable issues of material fact concerning whether the

18   defendant failed to consider evidence suggesting that the plaintiff's lesion was not cancerous prior

19   to proceeding with surgery and thus demonstrated triable issues of fact regarding whether the

20   defendant's course of treatment was medically acceptable under the circumstances.  *See Elliot*,

21   2014 WL 1877566, at *25.  In contrast to the situation in *Elliot*, where the evidence before the

22   court on summary judgment "demonstrated triable issues of fact concerning whether [the

23   doctor's] course of treating plaintiff was 'medically unacceptable under the circumstances,' and

24   chosen 'in conscious disregard of an excessive risk to plaintiffs health,'" here the parties do not

25   dispute that defendant acknowledged the possibility that plaintiff's mass was not cancerous and

26   "knew that [plaintiff] had tuberculosis in the past, prisons increase a person's risk of getting it,

27   and [plaintiff] had not been tested for tuberculosis."  *Id.* (quoting *Jackson v. McIntosh*, 90 F.3d

28   330, 332 (9th Cir. 1996)); (Doc. No. 64 at 15.)  Thus, the decision in *Elliot* is distinguishable and

4

does not serve as a basis to reject the magistrate judge's conclusion that plaintiff here has failed to establish a triable issue of fact regarding whether defendant's course of treatment was medically acceptable under the circumstances.  (Doc. No. 68 at 6.)

Finally, plaintiff objects to the pending findings and recommendations on the basis that summary judgment is inappropriate where there are conflicting expert reports and expert discovery has not closed.  (Doc. No. 68 at 14.)  As the pending findings and recommendations noted, however, "[t]hese diverse [expert] findings merely reflect a difference of opinion on the necessity of surgery," and a "mere disagreement . . . of medical opinion between experts does not demonstrate deliberate indifference as a matter of law."  (Doc. No. 64 at 14) (citing *Poretti v. Dzurenda*, 11 F.4th 1037, 1048 (9th Cir. 2021)).  Thus, plaintiff has not explained how "having the chance to prepare rebuttal reports and depose the other [party's] expert" would lead to a different conclusion in addressing defendant's motion for summary judgment.  (*See* Doc. No. 68 at 14–15.)  Therefore, plaintiff's objections in this regard likewise provide no basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's objections and defendant's response thereto, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1.      The findings and recommendations issued on November 29, 2022 (Doc. No. 64) are adopted in full;

2.      Plaintiff's request for reconsideration of the magistrate judge's order denying plaintiff's request for judicial notice (Doc. No. 68) is denied;

3.      Defendant's motion for summary judgment (Doc. No. 48) is granted as to plaintiff's claim brought pursuant to 42 U.S.C. § 1983;

4.      Judgment shall be entered in defendant's favor on plaintiff's deliberate indifference claim brought pursuant to 42 U.S.C. § 1983;

/////

5.   The court declines to exercise supplemental jurisdiction over plaintiff's state law claim, and on this basis, plaintiff's state law claim is dismissed; and

6.   The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 21, 2023**

_____
UNITED STATES DISTRICT JUDGE